**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

UNITED STATES OF AMERICA,

      Plaintiff,

v.

RANDY ANDERSON,

      Defendant.

Crim. No. 99-57(1) (RHK/JMM)

**ORDER**

      This matter is before the Court on Defendant's self-styled "Motion for Judicial Notice Rule 201 Of The Federal Rules of Criminal Procedures, Under Title 18 U.S.C. § 3582(c)(1)(A)(i) Extraordinary and Compelling Reasons for Sentence Reduction." (Docket No. 528.) Defendant is claiming, (as he repeatedly has in the past), that his conviction and sentence in this case should be vacated. For the reasons discussed below, Defendant's present motion will be summarily denied for lack of jurisdiction.

      Although Defendant purportedly is seeking a reduced sentence pursuant to 18 U.S.C. § 3582(c)(1)(A), he clearly is not entitled to relief under that statute. A sentence can be modified pursuant to § 3582(c)(1)(A), "<u>upon motion of the Director of the Bureau of Prisons</u>," (emphasis added), for a prisoner who is more than 70 years old and has served more than 30 years in prison, or when there are "other extraordinary and compelling reasons" to reduce the prisoner's sentence. Defendant does not qualify for relief under this statute, because his motion was not brought by the Director of the Bureau of Prisons, (and also because he does not meet any of the other pre-conditions for relief under the statute).

Furthermore, it is quite apparent that Defendant is not really seeking a sentence reduction under § 3582(c), but rather, he is trying to challenge the validity of his original conviction and sentence in this matter. Ordinarily, such challenges can be brought under 28 U.S.C. § 2255. However, Defendant has already been denied relief under § 2255, and he cannot attempt to bring another motion under that statute without pre-authorization from the Eighth Circuit Court of Appeals. 28 U.S.C. §§ 2255 [¶ 8] and 2244(b). Defendant cannot evade the restrictions on successive § 2255 motions merely by citing § 3582, rather than § 2255, in his motion papers. See United States v. Lambros, 404 F.3d 1034, 1036 (8th Cir.) ("inmates may not bypass the authorization requirement of 28 U.S.C. § 2244(b)(3) for filing a second or successive... § 2255 action by purporting to invoke some other procedure"), cert. denied, 545 U.S. 1135 (2005).

In sum, even though Defendant purportedly is seeking a sentence reduction pursuant to 18 U.S.C. § 3582(c)(1)(A), it is readily apparent that he actually is challenging the validity of his original conviction and sentence in this case. Because Defendant is attacking the original trial court proceedings in this matter (once again), his present motion must be treated as a motion for relief under 28 U.S.C. § 2255. However, Defendant cannot bring another motion under § 2255 at this time, because he has not received pre-authorization from the Court of Appeals, as required by §§ 2255 [¶ 8] and 2244(b). Therefore, Defendant's motion must be summarily denied for lack of jurisdiction.

Based upon the foregoing, and all of the files, records and proceedings herein,

**IT IS HEREBY ORDERED** that:

Defendant's "Motion for Judicial Notice Rule 201 Of The Federal Rules of Criminal Procedures, Under Title 18 U.S.C. § 3582(c)(1)(A)(i) Extraordinary and Compelling Reasons for Sentence Reduction,"

(Docket No. 528), is construed to be a second or successive motion for relief under 28 U.S.C. § 2255, and such motion is **DENIED** for lack of jurisdiction.

Dated: February 6, 2007

s/Richard H. Kyle
RICHARD H. KYLE
United States District Judge
